Filed
D.C. Superior Court
06/29/2018 12:35PM
Clerk of the Court

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOSETT VALDEZ,<br>1001 Rockville Pike, #815<br>Rockville, MD 20852 | )<br>)<br>)<br>) |
|      Plaintiff | )<br>) |
| | )   Case No.: 2018 __2018 CA 004384 B__ |
| v. | )<br>)   JURY TRIAL DEMANDED |
| Van Metre Management Company<br>9900 Main Street, Suite 500<br>Fairfax, VA 22031<br>SERVE: Registered Agent Solutions, Inc.<br>1090 Vermont Avenue NW, Suite 910<br>Washington, DC 20005 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Van Metre Oaklawn Terrace<br>Apartments, LLC<br>Oaklawn Building at 3620 16th Street, NW<br>Washington, DC 20010<br>SERVE: Registered Agent Solutions, Inc.<br>1090 Vermont Avenue NW, Suite 910<br>Washington, DC 20005 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Van Metre Pershing House<br>Apartments, LLC<br>SERVE: Registered Agent Solutions, Inc.<br>1090 Vermont Avenue NW, Suite 910<br>Washington, DC 20005 | )<br>)<br>)<br>)<br>) |
| RICHARD RABIL<br>Van Metre Companies, Inc.<br>9900 Main Street, Suite 500<br>Fairfax, VA 22031 | )<br>)<br>)<br>) |
| MICHAEL BARRETT<br>Van Metre Companies, Inc.<br>9900 Main Street, Suite 500<br>Fairfax, VA 22031 | )<br>)<br>)<br>) |
| MARY HASTY<br>Van Metre Companies, Inc.<br>9900 Main Street, Suite 500<br>Fairfax, VA 22031 | )<br>)<br>)<br>) |

1

TIFFANY LAMKIN )
Van Metre Companies, Inc. )
9900 Main Street, Suite 500 )
Fairfax, VA 22031 )
)
And )
)
DONNIE EDWARDS )
Van Metre Companies, Inc. )
9900 Main Street, Suite 500 )
Fairfax, VA 22031 )
)
Defendants. )

## COMPLAINT
### For Declaratory and Injunctive Relief and Damages

Plaintiff Josett Valdez (Plaintiff) files this Complaint for damages against Defendants pursuant to District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01, et seq. (hereafter "D.C.H.R.A." or "D.C. Human Rights Act"), the D.C. Family and Medical Leave Act, D.C. Code §§ 32-501.01, et seq. (hereafter "D.C. FMLA" or "D.C. Family and Medical Leave Act") and the common law of the District of Columbia (the District).

### JURISDICTION

1.  This Court has subject matter jurisdiction over this civil action under D.C. Code § 11-921(a).

### PARTIES

2.  Plaintiff Josett Valdez is a resident of the state of Maryland who worked for Defendant Van Metre in the District of Columbia from 2011 until her termination in 2017. Ms. Valdez is an Hispanic-American woman of Bolivian national origin.

3.  Defendant Van Metre Management Company is a Virginia corporation that is registered to conduct and conducts business in the District of Columbia ("the District"). Defendant Van

Metre Oaklawn Terrace Apartments, LLC is a District of Columbia corporation that conducts business in the District. Defendant Pershing House Apartments, LLC is a District of Columbia corporation that conducts business in the District. These three Defendants are collectively referred to as "Van Metre" or "Defendant Van Metre" in this Complaint.

4. Defendant Richard Rabil is the Vice Chairman and Chief Executive Officer (CEO) and a Partner of Defendant Van Metre. This Defendant is sued individually and in his official capacity as an employee of Van Metre.

5. Defendant Mary Hasty is an employee of Defendant Van Metre. Her title is Vice President of Residential Management. Defendant Hasty served as Plaintiff's supervisor for some or all of the time period relevant to this Complaint. This Defendant is sued individually and in her official capacity as an employee of Van Metre.

6. Defendant Tiffany Lamkin is an employee of Defendant Van Metre. Her title is Vice President of People Operations, and Defendant Lamkin was responsible for Human Resources for some or all of the time period relevant to this Complaint. This Defendant is sued individually and in her official capacity as an employee of Van Metre.

7. Defendant Donnie Edwards is an employee of Defendant Van Metre. His title is Area Manager for Investment Properties, and Defendant Edwards served as Plaintiff's supervisor or co-supervisor for some of the time period relevant to this Complaint. This Defendant is sued individually and in his official capacity as an employee of Van Metre.

8. Defendant Michael Barrett is an employee of Defendant Van Metre. His title is Executive Vice President of Residential Investment Properties and/or Group President of Residential Properties Division. Defendant Barrett participated in the decision to terminate Plaintiff's employment and failed to prevent or address the harassment, discrimination, and retaliation

3

that Plaintiff endured. This Defendant is sued individually and in his official capacity as an employee of Van Metre.

## FACTS

Background: Ms. Valdez becomes both a Van Metre employee and resident.

9. Ms. Valdez is a property management professional who has nearly two decades of experience in commercial and residential property management.

10. In September 2011, Ms. Valdez accepted a full-time position as a Property Manager with Defendant Van Metre.

11. Upon hiring, Ms. Valdez's compensation included a salary of approximately $60,000 (sixty thousand dollars) plus health and retirement benefits.

12. Plaintiff's compensation also included below-market rent if she chose to reside in one of the Van Metre buildings she managed. Ms. Valdez signed a lease with Van Metre and moved into an apartment in the Oaklawn Building at 3620 16th Street, NW, Washington, DC 20010. The residential lease provided that in the event Ms. Valdez separated from employment with Van Metre, she would lose her employee discount but could still remain a resident.

13. Ms. Valdez was assigned principal property management duties for 3 apartment buildings in the District that Defendant Van Metre owns and manages:  the Oaklawn, Pershing, and Asbury apartment buildings.

14. As property manager, Ms. Valdez supervised approximately 5 Van Metre employees across the 3 buildings she managed:  a cleaning crew of 3 people and a maintenance crew of 2.

15. When Ms. Valdez began working at Van Metre, she inherited a mess of problems stemming from prior mismanagement, including delayed maintenance of the buildings and issues

with residents who had become unaccustomed to enforcement of building rules regarding noise and nuisance issues.

16. Because many of the buildings' residents were non-English speaking Hispanic persons, Ms. Valdez used her Hispanic background and Spanish language to communicate with and relate to most of the residents, often going beyond her building manager job description to assist Van Metre's residents. For example, Ms. Valdez would assist residents in translation of documents and in obtaining money orders to pay rent and other bills.

17. Ms. Valdez earned several commendations for her job performance as a property manager over the course of her employment with Van Metre.

18. When Van Metre needed extra assistance, Ms. Valdez was asked to carry the "acting manager" role and workload for multiple other Van Metre buildings for at least several months. Van Metre did not increase Plaintiff's salary or award her a bonus for this additional work.

19. However, from the beginning, Van Metre provided Ms. Valdez with less training and support than other property managers who were not Hispanic women. This made Plaintiff's job more difficult than it should have been, and more difficult for her than the same job was for other Van Metre property managers.

20. Plaintiff's job included management of building maintenance and security issues. For issues with building locks, security cameras, and key fobs, Ms. Valdez had to report the issues to her supervisor, and then her supervisor was responsible for alerting the appropriate Van Metre personnel or contractors to make the repairs.

Van Metre's Harassment and Disparate Treatment of Plaintiff

21. Defendant Mary Hasty, Plaintiff's female Caucasian supervisor, demonstrated a clear preference for male subordinates. The only other female property manager beside Plaintiff who reported to Defendant Hasty was transferred to report to another supervisor. For all times relevant to this Complaint, Plaintiff was the sole female property manager who was supervised by Defendant Hasty.

22. On or about May 24, 2017, Plaintiff informed Defendant Hasty that she was pregnant and that she had been experiencing morning sickness and other physical symptoms as a result of the pregnancy. Immediately and dramatically, Defendant Hasty began harassing Plaintiff by chastising and ridiculing her work performance for contrived or trivial reasons that were pretextual for gender- (including pregnancy) and race-based animus. Defendant Hasty did not treat male or Caucasian subordinates in this manner.

23. For example, immediately upon Plaintiff returning to work after taking a sick day for pregnancy-related sickness, Defendant Hasty rudely and aggressively confronted Plaintiff and chastised her for that fact that some of Plaintiff's male direct reports missed a required meeting while Plaintiff was out sick. Defendant Hasty did not relent in her criticism even though Plaintiff explained that she had previously directed the employees to attend and that she, herself, was out sick on the day of the meeting and therefore unable to personally check on their attendance. Upon information and belief, the Van Metre employees who missed the meetings, and who were not Hispanic or women or pregnant, were not confronted or disciplined.

24. Additionally, Defendant Hasty became angry with Ms. Valdez after Ms. Valdez went over Defendant's Hasty's head to Van Metre leadership because Defendant Hasty did not

6

respond in a timely manner to multiple important requests from Ms. Valdez to fix broken security cameras, key fobs, and door locks at the buildings she managed.

25. Ms. Valdez had advised Defendant Hasty that due to broken door locks and key fobs, non-residents were loitering in and around the building, consuming alcohol on the premises, bothering residents, and creating a safety and nuisance issue.

26. Ms. Valdez also had advised Defendant Hasty that Plaintiff herself had to serve as a de facto security guard at the building, personally confronting and ejecting from the premises non-residents who were loitering in or around the building and who appeared to be consuming or under the influence of alcohol or drugs.

27. Despite repeated outcries to Defendant Hasty for support with these maintenance and security issues, Ms. Valdez was left to fend for herself, jeopardizing the security and the habitability of the living environment to Ms. Valdez and building residents.

28. Van Metre does not similarly ignore urgent requests for maintenance and security support from property managers who are not Hispanic women of foreign national origin, nor does Van Metre leave its other property managers to serve as a de facto security guard.

29. When Plaintiff attempted to verbally raise the dire need to fix building security issues to other Van Metre officials, Defendant Hasty quickly spoke over and shut up Ms. Valdez to protect Defendant Hasty's own appearance in front of her supervisors.

30. After Ms. Valdez further raised the building security issues in electronic communications to Van Metre leadership including Defendant Hasty's boss, Defendant Hasty directly confronted Plaintiff, chastising Ms. Valdez for making Defendant Hasty look bad in front of her superiors.

31. On another occasion, a Caucasian male Van Metre supervisor circulated an email to senior Van Metre officials including Defendant Barrett in which he purported, falsely, that the maintenance issues of which Plaintiff complained had been resolved. To perform her job responsibly and resolve the building security issues, Ms. Valdez had to respond and contradict him, advising that the repairs were, in fact, still needed.

32. Throughout all these internal communications, Defendant Hasty, with the express and/or implied permission of Defendants Van Metre, Barrett, and Rabil, completely disregarded, devalued, ignored, and undermined Plaintiff for acting "uppity" and threatening the perception of Van Metre supervisors to whom Plaintiff reported and from whom she took direction.

33. For example, Defendant Hasty criticized and blamed Plaintiff for allegedly failing to maintain 100% occupancy in the buildings she managed. Such criticism was arbitrary, discriminatory, and pretextual because Ms. Valdez's work to ensure maximum occupancy of buildings was as good or better than that of other property managers, and because Ms. Valdez had to overcome the lack of support and undermining by her own superiors in the performance of her job.

34. Further, by failing to properly address the building door and security issues, Plaintiff had to request Defendant Van Metre procure and pay for private security at the buildings, the cost of which reflected poorly on Plaintiff in the eyes of Defendant Van Metre and its Defendant employees and officers. On at least one occasion, Defendant Hasty directly chastised Ms. Valdez for the fact that because of Plaintiff repeatedly raising the security issue, Van Metre was losing thousands of dollars a month on security.

35. By contrast, Defendant Van Metre never took any corrective action against Defendant Hasty for her dereliction of important building security responsibilities, nor did it take any corrective action against Defendants Barrett, Lampkin, or Rabil for permitting Defendant Hasty to harass and ostracize Plaintiff for trying to do her job diligently. No other Van Metre manager was chastised or threatened for harming the company's bottom line due to the need to hire private security when building security apparatus went into disrepair and was not timely rectified.

36. On June 19, 2017, Defendant Van Metre demoted Plaintiff, taking away responsibility for 1 of the 3 buildings she managed and reducing her annual salary by $5,0000 (five thousand dollars). This decision was made by Defendants Hasty, Barrett, Lamkin, and upon information and belief, Defendant Rabil, as well. Defendants knowingly and misleadingly used pretextual concerns about Plaintiff's job performance to justify the demotion.

37. After Defendant Hasty advised Plaintiff of the demotion and pay reduction, Ms. Valdez immediately went to Defendants Barrett and Rabil, both Caucasian men, and to Defendant Lamkin, a Caucasian woman, to complain of the unfair treatment and harassment by Defendant Hasty. But again, none of the Defendants took Ms. Valdez's complaints of unfair treatment seriously, and it was made clear to Plaintiff that the demotion would stand.

38. On or approximately about the same date of the demotion, Defendant Van Metre nominally switched Plaintiff's direct supervisor to Defendant Donnie Edwards, however Defendant Hasty continued to influence and exacerbate Plaintiff's work environment after that switch. Defendant Edwards understood that to earn or maintain good standing with Defendant Hasty, he could at most appear friendly to Plaintiff, but he could not evaluate or speak of her positively or fairly, nor could he support Plaintiff in her multiple, legitimate requests

for additional assistance to complete her job duties based on the above-described maintenance problems.

39. Due to continued harassment and hostility in the workplace by both Defendants Hasty and Edwards, including but not only unfair and pretextual and aggressive accusations of failing to complete work tasks, Plaintiff began developing severe and debilitating anxiety and panic that manifested in physical symptoms such as sweating, trouble breathing, insomnia, and difficulty concentrating or reasoning. In other words, Defendant Van Metre and its Defendant employee and officers who contributed to and failed to prevent the harassment made a stressful and hostile workplace even more difficult after demoting her on June 19.

40. Van Metre and its Defendant officers and employees intentionally and maliciously permitted Plaintiff to suffer workplace hostility so extreme as to cause her severe anxiety and fear so that Plaintiff would simply choose to resign or abandon her job.

41. At times, upon request, Ms. Valdez was permitted to take a sick day when she was too anxious or sick to come to work, but despite the approval of such requests, no supervisor or Van Metre officer or employee ever addressed the underlying harassment and complaints that Plaintiff had brought to Van Metre's attention. To the contrary, Plaintiff was essentially penalized for raising any workplace concerns by virtue of her supervisors' retaliation for making them look bad.

42. At no time did any Van Metre supervisor, officer, or employee direct Ms. Valdez to apply for protected leave pursuant to the D.C. FMLA.

Plaintiff Suffers Two Panic Attacks at Work and Loses Her Pregnancy of Twin Babies

43. A serious example of direct workplace hostile treatment occurred on or about June 20, 2017, when Defendant Hasty aggressively accused Plaintiff of violating company policy,

which carried a threat of immediate termination, by using another employee's log-in information to access a Van Metre company system. In actuality, another employee appropriately used her own credentials to log in from Plaintiff's work station, a fact which Defendant Hasty had, or should have had, actual knowledge based on the fact that Defendant Hasty was present at the worksite when the log-in occurred.

44. Despite Plaintiff responding to defend herself against Defendant Hasty's false accusation, Defendant Hasty never apologized for or withdrew the accusation, effectively perpetuating the threat of unjust termination against Plaintiff, which Defendant Hasty knowingly and maliciously did to Ms. Valdez with the intent of causing Ms. Valdez fear, anxiety, and emotional distress.

45. As a direct and proximate cause of the Defendant Hasty's harassment, Plaintiff suffered an acute panic attack at work and had to be taken to the hospital by a family member for evaluation and treatment. At the time of the discharge from this first (of 2) work-related panic attacks that landed Plaintiff in the hospital, Plaintiff's in-utero twin babies were still healthy.

46. Approximately one week later, another egregious instance of workplace harassment occurred when Defendants Hasty and Edwards visited Plaintiff at her workplace and falsely accused her of not taking care of paperwork for a promotion and/or pay increase that was due to one of Plaintiff's direct reports. In actuality, Plaintiff had previously emailed Defendant Hasty to effectuate the direct report's compensation adjustment, and Defendant Hasty simply ignored Plaintiff's email.

47. Defendant Hasty knowingly and maliciously berated, chastised, and condescended to Plaintiff with full knowledge that Ms. Valdez recently suffered from anxiety and fear, was

pregnant, and that she recently had to go to the hospital for a panic attack. Despite that Defendant Hasty ostensibly had been relieved of supervision of Plaintiff (Defendant Edwards was supposed to be her supervisor), and despite that it was unusual for Plaintiff's supervisor to drop into the Oaklawn Building where Plaintiff worked instead of communicating by telephone or email, and despite that the purported questions about the missing paperwork could have been handled routinely by telephone or email, Defendant Hasty engineered her and Defendant Edwards' visit to Plaintiff workplace to inflict maximum fear and intimidation upon Ms. Valdez. Defendant Hasty was successful; Plaintiff began crying, experiencing shortness of breath, and had another severe panic attack.

48. Plaintiff went directly from work to her obstetrician/gynecologist, and the doctor informed Plaintiff that no heart beat could be detected from either of Plaintiff's twin babies. On July 5, 2017, Plaintiff underwent a surgical procedure to evacuate the remains of babies from Plaintiff's body.

Defendants Fire Plaintiff After She Requests Medical Leave to Recover From Miscarriage

49. On or immediately after July 5, 2017, Plaintiff provided medical documentation to Defendant Van Metre to advise of the miscarriage, her surgical procedure, her poor physical and emotion condition, and her need for time off work to recover physically and emotionally from the procedure.

50. On July 10, 2017, Plaintiff advised Defendant Lamkin directly that she was still recovering from the miscarriage. Despite Defendant Lamkin's role as the head of HR for Defendant Van Metre, she did not raise the topic of D.C. FMLA or protected leave. As far as Plaintiff reasonably understood, she had done and was doing everything required to communicate

to Defendant Van Metre her need for additional medical leave to recover physically and emotionally.

51. On July 19, 2017, still suffering from medical problems resulting from the miscarriage, Plaintiff requested more leave pursuant to the D.C. FMLA and transmitted to Defendant Edwards a copy of a doctor's note of the same date in support of the request for additional leave.

52. On July 20, 2017, responding to Plaintiff's request for extended leave under D.C. FMLA, Defendants fired Ms. Valdez by email effective immediately.

53. Defendants' termination email was also, in essence, an eviction notice, because it offered Ms. Valdez one more month of occupancy rent free, but Defendants never offered to let Ms. Valdez remain in the building as a tenant at all, even at market rent, despite her right to elect to do so under the lease agreement.

<u>COUNT I</u>
Discrimination Based On Gender, Race and National Origin
In Violation of The District of Columbia Human Rights Act
D.C. Code § 2-1401.11 et seq.
All Defendants

54. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

55. Plaintiff is a member of protected classes because she is an Hispanic-American woman from Bolivia.

56. Plaintiff was unlawfully subjected to disparate treatment on the basis of her gender, her pregnancy, her race and her national origin. Defendants' stated reasons for Plaintiff's demotion and termination were not the actual reasons for these adverse employment actions, but rather pretext to discrimination in violation of the Human Rights Act. There

is no legitimate non-discriminatory reason for Defendants' treatment, demotion, and ultimate termination from employment at Van Metre.

57. In taking the foregoing actions described above, Defendants denied, restricted, and abridged Plaintiff's terms, conditions, and privileges of employment; materially and adversely affected Plaintiff's current and future employment opportunities; and inhibited Plaintiff from obtaining employment in her chosen field.

58. In taking the foregoing actions and discriminating against Plaintiff on account of her race, national origin, gender, and pregnancy, Defendants violated The District of Columbia Human Rights Act, D.C. Code §§ 2-1401.11, et seq.

59. Defendants' violation of Plaintiff's rights under the Human Rights Act caused her to suffer panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

COUNT II
Gender, Race, and National Origin Discrimination
Hostile Work Environment In Violation of
The District of Columbia Human Rights Act
D.C. Code § 2-1401.11 et seq.
All Defendants

60. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

14

61. Plaintiff is a member of protected classes because she is an Hispanic woman of Bolivian
nationality. Plaintiff was the victim of harassment and a hostile work environment in the
workplace on the basis of her gender, pregnancy, race, and national origin and on the
basis of the outrageous, unprofessional, and manipulative, and mean treatment as
described above, including, *inter alia*, when she was continuously and repeatedly
chastised, ignored, and penalized for trying to do her job; when she was disciplined or
scolded for completely fabricated or manufactured reasons; when Defendants
systematically set her up for failure by failing to timely address work-related requests, the
result of which was designed to create the appearance that Plaintiff was not good at her
job; when she was yelled at and falsely accused of serious improprieties at work by
Defendant Hasty; when Defendant Hasty chastised Plaintiff for other employees' actions
or inactions while Plaintiff was out of the office dealing with pregnancy-related medical
symptoms and by establishing a double-standard for treatment that favored male
employees and disfavored Plaintiff and when the other Defendants tolerated and
encouraged such conduct by failing to curtail Hasty's conduct despite Plaintiff's pleas for
their intervention.

62. Plaintiff reported the harassment and hostility to Defendants, Barrett, Rabil, Lamkin, and
Edwards. Nonetheless, they took no action to stop the harassment. In fact, they
encouraged it by participating in the decision to demote Plaintiff and ultimately terminate
her employment. There is no legitimate non-discriminatory reason for the treatment
Plaintiff received at the hands of the Defendants.

63. In taking the foregoing actions and permitting Plaintiff to be harassed at work, without taking any measures to stop or prevent continued harassment, Defendants violated The District of Columbia Human Rights Act, D.C. Code §§ 2-1401.11, et seq.

64. Defendants' violation of Plaintiff's rights under the Human Rights Act caused her to suffer panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT III
Discrimination in Violation of
D.C. Family and Medical Leave Act, D.C. Code §§ 32-501.01, et seq.
All Defendants

65. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

66. At all times relevant to this Complaint, Plaintiff was an employee of Van Metre in the District and eligible for all benefits and protections of the D.C. FMLA.

67. Plaintiff informed Defendant Van Metre in May 2017 that she was pregnant, that she was experiencing pregnancy-related sickness, and that she required time off to recover from said symptoms.

68. In violation of the D.C. FMLA, Defendants retaliated against and harassed Plaintiff as described above, demoted Plaintiff for pretextual reasons, and ultimately terminated

16

Plaintiff's employment for pretextual reasons immediately after Plaintiff requested

extended leave to which she was entitled under the D.C. FMLA.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants

individually in an amount to be determined at trial, plus costs, and for any further relief that this

Honorable Court determines necessary and appropriate.

COUNT V
Negligent Training, Hiring, Retention, Supervision
Defendant Van Metre

69. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs
of the Complaint as if fully set forth herein.

70. Defendant had a duty to protect Plaintiff from discrimination in the workplace.

71. As Plaintiff's employer, Defendant discriminated against Plaintiff by failing to supervise
Defendant Hasty's and Defendant Edwards' treatment of a direct report (Plaintiff), by
failing to address the degrading, threatening, and aggressive treatment that Defendant
Hasty directed at Plaintiff resulting in multiple panic attacks that caused Plaintiff to suffer
emergency physical symptoms including a miscarriage; and by failing to supervise
Defendants Barrett, Lamkin, and Rabil in the supervisory and HR roles which should
reasonably should have included intervening to stop and prevent the harassment of
Plaintiff, the discriminatory and retaliatory demotion of Plaintiff for pretextual reasons,
and the discriminatory and retaliatory termination of Plaintiff's employment for
pretextual reasons.

72. Defendant Van Metre failed to properly train these employees to prevent, stop, and/or
report the discriminatory treatment of Plaintiff described above.

73. Defendant Van Metre had actual knowledge that it failed to adequately train the Van Metre employees described above to investigate and report discrimination and harassment once s/he is made aware of such discrimination and harassment.

74. Defendant Van Metre knew or should have known that the Van Metre employees described above were not trained to inform Van Metre or take appropriate action when a subordinate was the victim of unlawful discrimination.

75. As a result of Defendant Van Metre's breach of duty, Plaintiff suffered panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT VI
### Negligence – All Defendants

76. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

77. Defendants had a duty to protect Plaintiff from discrimination in the workplace.

78. Defendants breached this duty of care when, with knowledge of the discrimination Plaintiff suffered in the workplace, Defendants took no action to protect Plaintiff.

79. Defendants could have taken action to protect Plaintiff when Plaintiff told Defendant Hasty's superiors that she was being mistreated, set up, misrepresented, and unsupported with basic and important tasks to perform her job successfully.

80. Plaintiff's harassment, demotion, and termination and resulting damages were directly caused by Defendants' breach of this duty.

81. Defendant Van Metre is liable for all other Defendants' negligence under the theory of respondeat superior.

82. As a result of Defendants' breach of duty, Plaintiff suffered panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

### COUNT VII
### Intentional Infliction of Emotional Distress
### All Defendants

83. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

84. Each of the Defendants engaged in the above conduct including, but not limited to, failure to take any action to protect Plaintiff from discrimination, creating, permitting, and/or encouraging direct harassment of Plaintiff including retaliating against her for

trying to do her job, fabricating alleged "performance" issues and/or failing to respond appropriately to Plaintiff's repeated calls for help with building maintenance and security issues, by demoting Plaintiff for pretextual reasons and/or by standing by silently with actual knowledge that said demotion was pretextual, and by terminating Plaintiff's employment and/or by standing by silently with actual knowledge that said termination was pretextual. Each of the Defendants knew that Plaintiff was struggling with physical and emotional challenges during her pregnancy and/or after the miscarriage and loss of her twin babies, and each of the Defendants knew that Plaintiff was entitled to additional job-protected leave when she requested it on or about July 19, 2017, to recover from her symptoms. Nonetheless, each of the Defendants was responsible and/or supportive of the decision to terminate Ms. Valdez's employment treatment instead of approving additional job-protected leave to recover, as was required by the D.C. FMLA. Such conduct is objectively extreme and outrageous.

85. Defendant Van Metre, as Plaintiff's employer and landlord, had a special relationship to Plaintiff based on the uniquely one-sided power dynamic between it and Plaintiff, and based on the power it held over Plaintiff and her family's life.

86. Defendants also intentionally inflicted emotional harm on Plaintiff by coupling her termination notice with an eviction from her residence despite the clear language of the lease that Plaintiff should have been provided an opportunity to remain in her residence upon separation from employment with Defendant Van Metre. Defendants knew that by including in their termination notice to Plaintiff an ostensible "offer" to remain in her apartment for a few more weeks, they were sending the clear message that Plaintiff needed to move out by the expiration of that time, no matter what. Defendants knew that

such a message would increase the anxiety and panic of a woman they already knew to be

in an extremely fragile emotional state after the loss of her pregnancy.

87. As a result of Defendants' intentional conduct, Plaintiff suffered panic attacks and

extreme stress that led to the miscarriage and loss of twin babies; past and future

pecuniary loss, loss of employment opportunities, loss of pension and value of her

pension, loss of 401(k) benefits, and continued loss of current and future employment

opportunities, emotional pain, embarrassment, humiliation, mental anguish,

inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants

individually in an amount to be determined at trial, plus costs, and for any further relief that this

Honorable Court determines necessary and appropriate.

COUNT VIII
Wrongful Discharge
In Violation of the Public Policy Against
Gender, Race, and National Origin Discrimination
Defendant Van Metre, Inc.

88. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs

of the Complaint as if fully set forth herein.

89. Defendants committed the common law tort of wrongful discharge against Plaintiff when

they terminated her employment on July 20, 2017. The common-law tort of wrongful

discharge is "an exception to the traditional at-will doctrine governing termination of

employment, where the discharge violates 'a clear mandate of public policy.'" Carter v.

District of Columbia, 980 A.2d 1217 (DC, 2009) citing District of Columbia v. Beretta,

U.S.A., Corp., 872 A.2d 633, 645 (D.C.2005) (en banc) (quoting Carl v. Children's

Hosp., 702 A.2d 159, 164 (D.C.1997) (Terry, J., concurring)); see also Fingerhut v.

Children's Nat'l Med. Ctr., 738 A.2d 799, 803-04 (D.C.1999); Adams v. George W. Cochran & Co., 597 A.2d 28, 34 (D.C.1991).

90. Application of the tort of common law wrongful discharge must be carefully tethered to fundamental policies implicit in statutes or municipal regulations.  District of Columbia v. Beretta, U.S.A., Corp., 872 A.2d 633, 645 (D.C.2005).

91. Plaintiff's discharge violates clear public policy mandates against workplace discrimination. These public policies are codified in District of Columbia regulations and statutes, namely, the D.C. Human Rights Act.

92. Terminating Plaintiff in violation of the DCHRA is contrary to the District's public policy interests.

93. It is also contrary to public policy to terminate an employee for doing the job or the task she is charged to complete.

94. Plaintiff was harassed and terminated after she made appropriate, repeated attempts to get her landlord-employer to repair and secure residential apartment buildings with broken doors, key fobs, and security cameras.

95. Accordingly, Plaintiff's termination was against clear District public policy mandates to protect tenants' rights and to ensure that landlords provide safe, habitable rental housing in the District.

96. Plaintiff suffered, and continues to suffer, severe emotional stress and mental anguish as a result of Defendants' actions and omissions.

97. Plaintiff's professional reputation has been irreparably damaged because of the Defendants' actions, causing Plaintiff to suffer financial losses, lost wages, lost benefits,

pension losses, pain and suffering, embarrassment and humiliation, loss of employment, and permanent damage to his professional reputation.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## JURY TRIAL PRAYER

Plaintiff hereby demands a trial by jury on all such eligible claims.

Dated: June 19, 2018                              Respectfully submitted,


                                                  /S/ Darrell Chambers
                                                  Darrell Chambers [980872]
                                                  The Chambers Firm, LLC
                                                  8403 Colesville Road Suite 1100
                                                  Silver Spring, MD 20910
                                                  (240) 638-2831
                                                  darrell@chambersfirmDCMD.com


                                                  /s/ Douglas S. Rosenbloom
                                                  Douglas S. Rosenbloom [1016235]
                                                  The Law Office of Doug Rosenbloom, LLC
                                                  7304 Carroll Avenue, #198
                                                  Takoma Park, MD 20912
                                                  (202) 684-8510
                                                  doug@chambersrosenbloom.com

                                                  Counsel for Plaintiff

# Superior Court of the District of Columbia

### CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

Josett Valdez

Case Number: _____

vs

Date: 6 - 19 - 18

Van Metre Management Co. et al.   ☑ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Darrell Chambers | Relationship to Lawsuit |
| Firm Name: The Chambers Firm, LLC | ☑ Attorney for Plaintiff |
| Telephone No.:  Six digit Unified Bar No.: | ☐ Self (Pro Se) |
| 240-638-2831   980372 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury
Demand: $_____    Other: Unspecified

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge:_____   Calendar #:_____

Case No.:_____   Judge:_____   Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

## A. CONTRACTS                    COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
      Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
      Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
      Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
      Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
      Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☒ 16 Negligence- (Not Automobile,
      Not Malpractice)

☒ 17 Personal Injury- (Not Automobile,
      Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

Attorney's Signature

6-19-18

Date

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Van Metre Management Company
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Coksville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

_Clerk of the Court_

By _____
               Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                       CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Case Number _____

Van Metre Oaklawn Terrace
Apartments, LLC
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Van Metre Pershing House
Apartments, LLC
_____
Defendant

Case Number _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

_____
Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የትርጉም እገዛ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Ven al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Richard Rabil
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

_____
Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
                                    Plaintiff

vs.

Michael Barrett
_____
                                    Defendant

Case Number  _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By  _____
                                    Deputy Clerk

Date  _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Josett Valdez
_____
Plaintiff

vs.

Mary Hasty
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

_Clerk of the Court_

By _____
       Deputy Clerk

Date _____

如需翻译，请打电话 (202) 879-4828  Veuillez appeler au (202) 879-4828 pour une traduction  Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요  ያስተረጉም ተፈለገ፣ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

  If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs

Tiffany Lamkin
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如果需要翻译请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시요     የትርጉም እገዛ ከፈለጉ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Donnie Edwards
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译, 请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Dé có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     [Amharic] (202) 879-4828 [Amharic]

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOSETT VALDEZ,                                )
1001 Rockville Pike, #815                     )
Rockville, MD 20852                           )
                                              )
     Plaintiff                              )
                                              )   Case No.: 2018 _2018 CA 004384 B_
v.                                            )
                                              )   JURY TRIAL DEMANDED
Van Metre Management Company                  )
9900 Main Street, Suite 500                   )
Fairfax, VA 22031                             )
SERVE: Registered Agent Solutions, Inc.       )
1090 Vermont Avenue NW, Suite 910             )
Washington, DC 20005                          )
                                              )
Van Metre Oaklawn Terrace                     )
Apartments, LLC                               )
Oaklawn Building at 3620 16th Street, NW      )
Washington, DC 20010                          )
SERVE: Registered Agent Solutions, Inc.       )
1090 Vermont Avenue NW, Suite 910             )
Washington, DC 20005                          )
                                              )
Van Metre Pershing House                      )
Apartments, LLC                               )
SERVE: Registered Agent Solutions, Inc.       )
1090 Vermont Avenue NW, Suite 910             )
Washington, DC 20005                          )
                                              )
RICHARD RABIL                                 )
Van Metre Companies, Inc.                     )
9900 Main Street, Suite 500                   )
Fairfax, VA 22031                             )
                                              )
MICHAEL BARRETT                               )
Van Metre Companies, Inc.                     )
9900 Main Street, Suite 500                   )
Fairfax, VA 22031                             )
                                              )
MARY HASTY                                    )
Van Metre Companies, Inc.                     )
9900 Main Street, Suite 500                   )
Fairfax, VA 22031                             )

1

```
TIFFANY LAMKIN                        )
Van Metre Companies, Inc.             )
9900 Main Street, Suite 500           )
Fairfax, VA 22031                     )
                                      )
And                                   )
                                      )
DONNIE EDWARDS                        )
Van Metre Companies, Inc.             )
9900 Main Street, Suite 500           )
Fairfax, VA 22031                     )
                                      )
        Defendants.                   )
                                      )
```

## COMPLAINT
### For Declaratory and Injunctive Relief and Damages

Plaintiff Josett Valdez (Plaintiff) files this Complaint for damages against Defendants pursuant to District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01, et seq. (hereafter "D.C.H.R.A." or "D.C. Human Rights Act"), the D.C. Family and Medical Leave Act, D.C. Code §§ 32-501.01, et seq. (hereafter "D.C. FMLA" or "D.C. Family and Medical Leave Act") and the common law of the District of Columbia (the District).

### JURISDICTION

1. This Court has subject matter jurisdiction over this civil action under D.C. Code § 11-921(a).

### PARTIES

2. Plaintiff Josett Valdez is a resident of the state of Maryland who worked for Defendant Van Metre in the District of Columbia from 2011 until her termination in 2017. Ms. Valdez is an Hispanic-American woman of Bolivian national origin.

3. Defendant Van Metre Management Company is a Virginia corporation that is registered to conduct and conducts business in the District of Columbia ("the District"). Defendant Van

2

Metre Oaklawn Terrace Apartments, LLC is a District of Columbia corporation that conducts business in the District. Defendant Pershing House Apartments, LLC is a District of Columbia corporation that conducts business in the District. These three Defendants are collectively referred to as "Van Metre" or "Defendant Van Metre" in this Complaint.

4.  Defendant Richard Rabil is the Vice Chairman and Chief Executive Officer (CEO) and a Partner of Defendant Van Metre. This Defendant is sued individually and in his official capacity as an employee of Van Metre.

5.  Defendant Mary Hasty is an employee of Defendant Van Metre. Her title is Vice President of Residential Management. Defendant Hasty served as Plaintiff's supervisor for some or all of the time period relevant to this Complaint. This Defendant is sued individually and in her official capacity as an employee of Van Metre.

6.  Defendant Tiffany Lamkin is an employee of Defendant Van Metre. Her title is Vice President of People Operations, and Defendant Lamkin was responsible for Human Resources for some or all of the time period relevant to this Complaint. This Defendant is sued individually and in her official capacity as an employee of Van Metre.

7.  Defendant Donnie Edwards is an employee of Defendant Van Metre. His title is Area Manager for Investment Properties, and Defendant Edwards served as Plaintiff's supervisor or co-supervisor for some of the time period relevant to this Complaint. This Defendant is sued individually and in his official capacity as an employee of Van Metre.

8.  Defendant Michael Barrett is an employee of Defendant Van Metre. His title is Executive Vice President of Residential Investment Properties and/or Group President of Residential Properties Division. Defendant Barrett participated in the decision to terminate Plaintiff's employment and failed to prevent or address the harassment, discrimination, and retaliation

3

that Plaintiff endured. This Defendant is sued individually and in his official capacity as an employee of Van Metre.

### FACTS

Background: Ms. Valdez becomes both a Van Metre employee and resident.

9.  Ms. Valdez is a property management professional who has nearly two decades of experience in commercial and residential property management.

10. In September 2011, Ms. Valdez accepted a full-time position as a Property Manager with Defendant Van Metre.

11. Upon hiring, Ms. Valdez's compensation included a salary of approximately $60,000 (sixty thousand dollars) plus health and retirement benefits.

12. Plaintiff's compensation also included below-market rent if she chose to reside in one of the Van Metre buildings she managed. Ms. Valdez signed a lease with Van Metre and moved into an apartment in the Oaklawn Building at 3620 16th Street, NW, Washington, DC 20010. The residential lease provided that in the event Ms. Valdez separated from employment with Van Metre, she would lose her employee discount but could still remain a resident.

13. Ms. Valdez was assigned principal property management duties for 3 apartment buildings in the District that Defendant Van Metre owns and manages: the Oaklawn, Pershing, and Asbury apartment buildings.

14. As property manager, Ms. Valdez supervised approximately 5 Van Metre employees across the 3 buildings she managed: a cleaning crew of 3 people and a maintenance crew of 2.

15. When Ms. Valdez began working at Van Metre, she inherited a mess of problems stemming from prior mismanagement, including delayed maintenance of the buildings and issues

4

with residents who had become unaccustomed to enforcement of building rules regarding noise and nuisance issues.

16. Because many of the buildings' residents were non-English speaking Hispanic persons, Ms. Valdez used her Hispanic background and Spanish language to communicate with and relate to most of the residents, often going beyond her building manager job description to assist Van Metre's residents. For example, Ms. Valdez would assist residents in translation of documents and in obtaining money orders to pay rent and other bills.

17. Ms. Valdez earned several commendations for her job performance as a property manager over the course of her employment with Van Metre.

18. When Van Metre needed extra assistance, Ms. Valdez was asked to carry the "acting manager" role and workload for multiple other Van Metre buildings for at least several months. Van Metre did not increase Plaintiff's salary or award her a bonus for this additional work.

19. However, from the beginning, Van Metre provided Ms. Valdez with less training and support than other property managers who were not Hispanic women. This made Plaintiff's job more difficult than it should have been, and more difficult for her than the same job was for other Van Metre property managers.

20. Plaintiff's job included management of building maintenance and security issues. For issues with building locks, security cameras, and key fobs, Ms. Valdez had to report the issues to her supervisor, and then her supervisor was responsible for alerting the appropriate Van Metre personnel or contractors to make the repairs.

Van Metre's Harassment and Disparate Treatment of Plaintiff

21. Defendant Mary Hasty, Plaintiff's female Caucasian supervisor, demonstrated a clear preference for male subordinates. The only other female property manager beside Plaintiff who reported to Defendant Hasty was transferred to report to another supervisor. For all times relevant to this Complaint, Plaintiff was the sole female property manager who was supervised by Defendant Hasty.

22. On or about May 24, 2017, Plaintiff informed Defendant Hasty that she was pregnant and that she had been experiencing morning sickness and other physical symptoms as a result of the pregnancy. Immediately and dramatically, Defendant Hasty began harassing Plaintiff by chastising and ridiculing her work performance for contrived or trivial reasons that were pretextual for gender- (including pregnancy) and race-based animus. Defendant Hasty did not treat male or Caucasian subordinates in this manner.

23. For example, immediately upon Plaintiff returning to work after taking a sick day for pregnancy-related sickness, Defendant Hasty rudely and aggressively confronted Plaintiff and chastised her for that fact that some of Plaintiff's male direct reports missed a required meeting while Plaintiff was out sick. Defendant Hasty did not relent in her criticism even though Plaintiff explained that she had previously directed the employees to attend and that she, herself, was out sick on the day of the meeting and therefore unable to personally check on their attendance. Upon information and belief, the Van Metre employees who missed the meetings, and who were not Hispanic or women or pregnant, were not confronted or disciplined.

24. Additionally, Defendant Hasty became angry with Ms. Valdez after Ms. Valdez went over Defendant's Hasty's head to Van Metre leadership because Defendant Hasty did not

respond in a timely manner to multiple important requests from Ms. Valdez to fix broken security cameras, key fobs, and door locks at the buildings she managed.

25. Ms. Valdez had advised Defendant Hasty that due to broken door locks and key fobs, non-residents were loitering in and around the building, consuming alcohol on the premises, bothering residents, and creating a safety and nuisance issue.

26. Ms. Valdez also had advised Defendant Hasty that Plaintiff herself had to serve as a de facto security guard at the building, personally confronting and ejecting from the premises non-residents who were loitering in or around the building and who appeared to be consuming or under the influence of alcohol or drugs.

27. Despite repeated outcries to Defendant Hasty for support with these maintenance and security issues, Ms. Valdez was left to fend for herself, jeopardizing the security and the habitability of the living environment to Ms. Valdez and building residents.

28. Van Metre does not similarly ignore urgent requests for maintenance and security support from property managers who are not Hispanic women of foreign national origin, nor does Van Metre leave its other property managers to serve as a de facto security guard.

29. When Plaintiff attempted to verbally raise the dire need to fix building security issues to other Van Metre officials, Defendant Hasty quickly spoke over and shut up Ms. Valdez to protect Defendant Hasty's own appearance in front of her supervisors.

30. After Ms. Valdez further raised the building security issues in electronic communications to Van Metre leadership including Defendant Hasty's boss, Defendant Hasty directly confronted Plaintiff, chastising Ms. Valdez for making Defendant Hasty look bad in front of her superiors.

31. On another occasion, a Caucasian male Van Metre supervisor circulated an email to senior Van Metre officials including Defendant Barrett in which he purported, falsely, that the maintenance issues of which Plaintiff complained had been resolved. To perform her job responsibly and resolve the building security issues, Ms. Valdez had to respond and contradict him, advising that the repairs were, in fact, still needed.

32. Throughout all these internal communications, Defendant Hasty, with the express and/or implied permission of Defendants Van Metre, Barrett, and Rabil, completely disregarded, devalued, ignored, and undermined Plaintiff for acting "uppity" and threatening the perception of Van Metre supervisors to whom Plaintiff reported and from whom she took direction.

33. For example, Defendant Hasty criticized and blamed Plaintiff for allegedly failing to maintain 100% occupancy in the buildings she managed. Such criticism was arbitrary, discriminatory, and pretextual because Ms. Valdez's work to ensure maximum occupancy of buildings was as good or better than that of other property managers, and because Ms. Valdez had to overcome the lack of support and undermining by her own superiors in the performance of her job.

34. Further, by failing to properly address the building door and security issues, Plaintiff had to request Defendant Van Metre procure and pay for private security at the buildings, the cost of which reflected poorly on Plaintiff in the eyes of Defendant Van Metre and its Defendant employees and officers. On at least one occasion, Defendant Hasty directly chastised Ms. Valdez for the fact that because of Plaintiff repeatedly raising the security issue, Van Metre was losing thousands of dollars a month on security.

35. By contrast, Defendant Van Metre never took any corrective action against Defendant Hasty for her dereliction of important building security responsibilities, nor did it take any corrective action against Defendants Barrett, Lampkin, or Rabil for permitting Defendant Hasty to harass and ostracize Plaintiff for trying to do her job diligently. No other Van Metre manager was chastised or threatened for harming the company's bottom line due to the need to hire private security when building security apparatus went into disrepair and was not timely rectified.

36. On June 19, 2017, Defendant Van Metre demoted Plaintiff, taking away responsibility for 1 of the 3 buildings she managed and reducing her annual salary by $5,0000 (five thousand dollars). This decision was made by Defendants Hasty, Barrett, Lamkin, and upon information and belief, Defendant Rabil, as well. Defendants knowingly and misleadingly used pretextual concerns about Plaintiff's job performance to justify the demotion.

37. After Defendant Hasty advised Plaintiff of the demotion and pay reduction, Ms. Valdez immediately went to Defendants Barrett and Rabil, both Caucasian men, and to Defendant Lamkin, a Caucasian woman, to complain of the unfair treatment and harassment by Defendant Hasty. But again, none of the Defendants took Ms. Valdez's complaints of unfair treatment seriously, and it was made clear to Plaintiff that the demotion would stand.

38. On or approximately about the same date of the demotion, Defendant Van Metre nominally switched Plaintiff's direct supervisor to Defendant Donnie Edwards, however Defendant Hasty continued to influence and exacerbate Plaintiff's work environment after that switch. Defendant Edwards understood that to earn or maintain good standing with Defendant Hasty, he could at most appear friendly to Plaintiff, but he could not evaluate or speak of her positively or fairly, nor could he support Plaintiff in her multiple, legitimate requests

9

for additional assistance to complete her job duties based on the above-described maintenance problems.

39. Due to continued harassment and hostility in the workplace by both Defendants Hasty and Edwards, including but not only unfair and pretextual and aggressive accusations of failing to complete work tasks, Plaintiff began developing severe and debilitating anxiety and panic that manifested in physical symptoms such as sweating, trouble breathing, insomnia, and difficulty concentrating or reasoning. In other words, Defendant Van Metre and its Defendant employee and officers who contributed to and failed to prevent the harassment made a stressful and hostile workplace even more difficult after demoting her on June 19.

40. Van Metre and its Defendant officers and employees intentionally and maliciously permitted Plaintiff to suffer workplace hostility so extreme as to cause her severe anxiety and fear so that Plaintiff would simply choose to resign or abandon her job.

41. At times, upon request, Ms. Valdez was permitted to take a sick day when she was too anxious or sick to come to work, but despite the approval of such requests, no supervisor or Van Metre officer or employee ever addressed the underlying harassment and complaints that Plaintiff had brought to Van Metre's attention. To the contrary, Plaintiff was essentially penalized for raising any workplace concerns by virtue of her supervisors' retaliation for making them look bad.

42. At no time did any Van Metre supervisor, officer, or employee direct Ms. Valdez to apply for protected leave pursuant to the D.C. FMLA.

Plaintiff Suffers Two Panic Attacks at Work and Loses Her Pregnancy of Twin Babies

43. A serious example of direct workplace hostile treatment occurred on or about June 20, 2017, when Defendant Hasty aggressively accused Plaintiff of violating company policy,

which carried a threat of immediate termination, by using another employee's log-in information to access a Van Metre company system. In actuality, another employee appropriately used her own credentials to log in from Plaintiff's work station, a fact which Defendant Hasty had, or should have had, actual knowledge based on the fact that Defendant Hasty was present at the worksite when the log-in occurred.

44. Despite Plaintiff responding to defend herself against Defendant Hasty's false accusation, Defendant Hasty never apologized for or withdrew the accusation, effectively perpetuating the threat of unjust termination against Plaintiff, which Defendant Hasty knowingly and maliciously did to Ms. Valdez with the intent of causing Ms. Valdez fear, anxiety, and emotional distress.

45. As a direct and proximate cause of the Defendant Hasty's harassment, Plaintiff suffered an acute panic attack at work and had to be taken to the hospital by a family member for evaluation and treatment. At the time of the discharge from this first (of 2) work-related panic attacks that landed Plaintiff in the hospital, Plaintiff's in-utero twin babies were still healthy.

46. Approximately one week later, another egregious instance of workplace harassment occurred when Defendants Hasty and Edwards visited Plaintiff at her workplace and falsely accused her of not taking care of paperwork for a promotion and/or pay increase that was due to one of Plaintiff's direct reports. In actuality, Plaintiff had previously emailed Defendant Hasty to effectuate the direct report's compensation adjustment, and Defendant Hasty simply ignored Plaintiff's email.

47. Defendant Hasty knowingly and maliciously berated, chastised, and condescended to Plaintiff with full knowledge that Ms. Valdez recently suffered from anxiety and fear, was

11

pregnant, and that she recently had to go to the hospital for a panic attack. Despite that Defendant Hasty ostensibly had been relieved of supervision of Plaintiff (Defendant Edwards was supposed to be her supervisor), and despite that it was unusual for Plaintiff's supervisor to drop into the Oaklawn Building where Plaintiff worked instead of communicating by telephone or email, and despite that the purported questions about the missing paperwork could have been handled routinely by telephone or email, Defendant Hasty engineered her and Defendant Edwards' visit to Plaintiff workplace to inflict maximum fear and intimidation upon Ms. Valdez. Defendant Hasty was successful; Plaintiff began crying, experiencing shortness of breath, and had another severe panic attack.

48. Plaintiff went directly from work to her obstetrician/gynecologist, and the doctor informed Plaintiff that no heart beat could be detected from either of Plaintiff's twin babies. On July 5, 2017, Plaintiff underwent a surgical procedure to evacuate the remains of babies from Plaintiff's body.

<u>Defendants Fire Plaintiff After She Requests Medical Leave to Recover From Miscarriage</u>

49. On or immediately after July 5, 2017, Plaintiff provided medical documentation to Defendant Van Metre to advise of the miscarriage, her surgical procedure, her poor physical and emotion condition, and her need for time off work to recover physically and emotionally from the procedure.

50. On July 10, 2017, Plaintiff advised Defendant Lamkin directly that she was still recovering from the miscarriage. Despite Defendant Lamkin's role as the head of HR for Defendant Van Metre, she did not raise the topic of D.C. FMLA or protected leave. As far as Plaintiff reasonably understood, she had done and was doing everything required to communicate

to Defendant Van Metre her need for additional medical leave to recover physically and emotionally.

51. On July 19, 2017, still suffering from medical problems resulting from the miscarriage, Plaintiff requested more leave pursuant to the D.C. FMLA and transmitted to Defendant Edwards a copy of a doctor's note of the same date in support of the request for additional leave.

52. On July 20, 2017, responding to Plaintiff's request for extended leave under D.C. FMLA, Defendants fired Ms. Valdez by email effective immediately.

53. Defendants' termination email was also, in essence, an eviction notice, because it offered Ms. Valdez one more month of occupancy rent free, but Defendants never offered to let Ms. Valdez remain in the building as a tenant at all, even at market rent, despite her right to elect to do so under the lease agreement.

COUNT I
Discrimination Based On Gender, Race and National Origin
In Violation of The District of Columbia Human Rights Act
D.C. Code § 2-1401.11 et seq.
All Defendants

54. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

55. Plaintiff is a member of protected classes because she is an Hispanic-American woman from Bolivia.

56. Plaintiff was unlawfully subjected to disparate treatment on the basis of her gender, her pregnancy, her race and her national origin. Defendants' stated reasons for Plaintiff's demotion and termination were not the actual reasons for these adverse employment actions, but rather pretext to discrimination in violation of the Human Rights Act. There

13

is no legitimate non-discriminatory reason for Defendants' treatment, demotion, and ultimate termination from employment at Van Metre.

57. In taking the foregoing actions described above, Defendants denied, restricted, and abridged Plaintiff's terms, conditions, and privileges of employment; materially and adversely affected Plaintiff's current and future employment opportunities; and inhibited Plaintiff from obtaining employment in her chosen field.

58. In taking the foregoing actions and discriminating against Plaintiff on account of her race, national origin, gender, and pregnancy, Defendants violated The District of Columbia Human Rights Act, D.C. Code §§ 2-1401.11, et seq.

59. Defendants' violation of Plaintiff's rights under the Human Rights Act caused her to suffer panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

COUNT II
Gender, Race, and National Origin Discrimination
Hostile Work Environment In Violation of
The District of Columbia Human Rights Act
D.C. Code § 2-1401.11 et seq.
All Defendants

60. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

14

61. Plaintiff is a member of protected classes because she is an Hispanic woman of Bolivian nationality. Plaintiff was the victim of harassment and a hostile work environment in the workplace on the basis of her gender, pregnancy, race, and national origin and on the basis of the outrageous, unprofessional, and manipulative, and mean treatment as described above, including, *inter alia*, when she was continuously and repeatedly chastised, ignored, and penalized for trying to do her job; when she was disciplined or scolded for completely fabricated or manufactured reasons; when Defendants systematically set her up for failure by failing to timely address work-related requests, the result of which was designed to create the appearance that Plaintiff was not good at her job; when she was yelled at and falsely accused of serious improprieties at work by Defendant Hasty; when Defendant Hasty chastised Plaintiff for other employees' actions or inactions while Plaintiff was out of the office dealing with pregnancy-related medical symptoms and by establishing a double-standard for treatment that favored male employees and disfavored Plaintiff and when the other Defendants tolerated and encouraged such conduct by failing to curtail Hasty's conduct despite Plaintiff's pleas for their intervention.

62. Plaintiff reported the harassment and hostility to Defendants, Barrett, Rabil, Lamkin, and Edwards. Nonetheless, they took no action to stop the harassment. In fact, they encouraged it by participating in the decision to demote Plaintiff and ultimately terminate her employment. There is no legitimate non-discriminatory reason for the treatment Plaintiff received at the hands of the Defendants.

63. In taking the foregoing actions and permitting Plaintiff to be harassed at work, without taking any measures to stop or prevent continued harassment, Defendants violated The District of Columbia Human Rights Act, D.C. Code §§ 2-1401.11, et seq.

64. Defendants' violation of Plaintiff's rights under the Human Rights Act caused her to suffer panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

COUNT III
Discrimination in Violation of
D.C. Family and Medical Leave Act, D.C. Code §§ 32-501.01, et seq.
All Defendants

65. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

66. At all times relevant to this Complaint, Plaintiff was an employee of Van Metre in the District and eligible for all benefits and protections of the D.C. FMLA.

67. Plaintiff informed Defendant Van Metre in May 2017 that she was pregnant, that she was experiencing pregnancy-related sickness, and that she required time off to recover from said symptoms.

68. In violation of the D.C. FMLA, Defendants retaliated against and harassed Plaintiff as described above, demoted Plaintiff for pretextual reasons, and ultimately terminated

Plaintiff's employment for pretextual reasons immediately after Plaintiff requested

extended leave to which she was entitled under the D.C. FMLA.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants

individually in an amount to be determined at trial, plus costs, and for any further relief that this

Honorable Court determines necessary and appropriate.

COUNT V

Negligent Training, Hiring, Retention, Supervision
Defendant Van Metre

69. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs
of the Complaint as if fully set forth herein.

70. Defendant had a duty to protect Plaintiff from discrimination in the workplace.

71. As Plaintiff's employer, Defendant discriminated against Plaintiff by failing to supervise
Defendant Hasty's and Defendant Edwards' treatment of a direct report (Plaintiff), by
failing to address the degrading, threatening, and aggressive treatment that Defendant
Hasty directed at Plaintiff resulting in multiple panic attacks that caused Plaintiff to suffer
emergency physical symptoms including a miscarriage; and by failing to supervise
Defendants Barrett, Lamkin, and Rabil in the supervisory and HR roles which should
reasonably should have included intervening to stop and prevent the harassment of
Plaintiff, the discriminatory and retaliatory demotion of Plaintiff for pretextual reasons,
and the discriminatory and retaliatory termination of Plaintiff's employment for
pretextual reasons.

72. Defendant Van Metre failed to properly train these employees to prevent, stop, and/or
report the discriminatory treatment of Plaintiff described above.

73. Defendant Van Metre had actual knowledge that it failed to adequately train the Van Metre employees described above to investigate and report discrimination and harassment once s/he is made aware of such discrimination and harassment.

74. Defendant Van Metre knew or should have known that the Van Metre employees described above were not trained to inform Van Metre or take appropriate action when a subordinate was the victim of unlawful discrimination.

75. As a result of Defendant Van Metre's breach of duty, Plaintiff suffered panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

### COUNT VI
### Negligence – All Defendants

76. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

77. Defendants had a duty to protect Plaintiff from discrimination in the workplace.

78. Defendants breached this duty of care when, with knowledge of the discrimination Plaintiff suffered in the workplace, Defendants took no action to protect Plaintiff.

79. Defendants could have taken action to protect Plaintiff when Plaintiff told Defendant Hasty's superiors that she was being mistreated, set up, misrepresented, and unsupported with basic and important tasks to perform her job successfully.

80. Plaintiff's harassment, demotion, and termination and resulting damages were directly caused by Defendants' breach of this duty.

81. Defendant Van Metre is liable for all other Defendants' negligence under the theory of respondeat superior.

82. As a result of Defendants' breach of duty, Plaintiff suffered panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT VII
### Intentional Infliction of Emotional Distress
### All Defendants

83. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

84. Each of the Defendants engaged in the above conduct including, but not limited to, failure to take any action to protect Plaintiff from discrimination, creating, permitting, and/or encouraging direct harassment of Plaintiff including retaliating against her for

trying to do her job, fabricating alleged "performance" issues and/or failing to respond appropriately to Plaintiff's repeated calls for help with building maintenance and security issues, by demoting Plaintiff for pretextual reasons and/or by standing by silently with actual knowledge that said demotion was pretextual, and by terminating Plaintiff's employment and/or by standing by silently with actual knowledge that said termination was pretextual. Each of the Defendants knew that Plaintiff was struggling with physical and emotional challenges during her pregnancy and/or after the miscarriage and loss of her twin babies, and each of the Defendants knew that Plaintiff was entitled to additional job-protected leave when she requested it on or about July 19, 2017, to recover from her symptoms. Nonetheless, each of the Defendants was responsible and/or supportive of the decision to terminate Ms. Valdez's employment treatment instead of approving additional job-protected leave to recover, as was required by the D.C. FMLA. Such conduct is objectively extreme and outrageous.

85. Defendant Van Metre, as Plaintiff's employer and landlord, had a special relationship to Plaintiff based on the uniquely one-sided power dynamic between it and Plaintiff, and based on the power it held over Plaintiff and her family's life.

86. Defendants also intentionally inflicted emotional harm on Plaintiff by coupling her termination notice with an eviction from her residence despite the clear language of the lease that Plaintiff should have been provided an opportunity to remain in her residence upon separation from employment with Defendant Van Metre. Defendants knew that by including in their termination notice to Plaintiff an ostensible "offer" to remain in her apartment for a few more weeks, they were sending the clear message that Plaintiff needed to move out by the expiration of that time, no matter what. Defendants knew that

such a message would increase the anxiety and panic of a woman they already knew to be in an extremely fragile emotional state after the loss of her pregnancy.

87. As a result of Defendants' intentional conduct, Plaintiff suffered panic attacks and extreme stress that led to the miscarriage and loss of twin babies; past and future pecuniary loss, loss of employment opportunities, loss of pension and value of her pension, loss of 401(k) benefits, and continued loss of current and future employment opportunities, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT VIII
### Wrongful Discharge
### In Violation of the Public Policy Against
### Gender, Race, and National Origin Discrimination
### Defendant Van Metre, Inc.

88. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

89. Defendants committed the common law tort of wrongful discharge against Plaintiff when they terminated her employment on July 20, 2017. The common-law tort of wrongful discharge is "an exception to the traditional at-will doctrine governing termination of employment, where the discharge violates 'a clear mandate of public policy.'"  Carter v. District of Columbia, 980 A.2d 1217 (DC, 2009) citing District of Columbia v. Beretta, U.S.A., Corp., 872 A.2d 633, 645 (D.C.2005) (en banc) (quoting Carl v. Children's Hosp., 702 A.2d 159, 164 (D.C.1997) (Terry, J., concurring)); see also Fingerhut v.

Children's Nat'l Med. Ctr., 738 A.2d 799, 803-04 (D.C.1999); Adams v. George W. Cochran & Co., 597 A.2d 28, 34 (D.C.1991).

90. Application of the tort of common law wrongful discharge must be carefully tethered to fundamental policies implicit in statutes or municipal regulations. District of Columbia v. Beretta, U.S.A., Corp., 872 A.2d 633, 645 (D.C.2005).

91. Plaintiff's discharge violates clear public policy mandates against workplace discrimination. These public policies are codified in District of Columbia regulations and statutes, namely, the D.C. Human Rights Act.

92. Terminating Plaintiff in violation of the DCHRA is contrary to the District's public policy interests.

93. It is also contrary to public policy to terminate an employee for doing the job or the task she is charged to complete.

94. Plaintiff was harassed and terminated after she made appropriate, repeated attempts to get her landlord-employer to repair and secure residential apartment buildings with broken doors, key fobs, and security cameras.

95. Accordingly, Plaintiff's termination was against clear District public policy mandates to protect tenants' rights and to ensure that landlords provide safe, habitable rental housing in the District.

96. Plaintiff suffered, and continues to suffer, severe emotional stress and mental anguish as a result of Defendants' actions and omissions.

97. Plaintiff's professional reputation has been irreparably damaged because of the Defendants' actions, causing Plaintiff to suffer financial losses, lost wages, lost benefits,

pension losses, pain and suffering, embarrassment and humiliation, loss of employment, and permanent damage to his professional reputation.

WHEREFORE, the Plaintiff claims monetary damages against each of the Defendants individually in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## JURY TRIAL PRAYER

Plaintiff hereby demands a trial by jury on all such eligible claims.

Dated: June 19, 2018                                Respectfully submitted,

/S/ Darrell Chambers
Darrell Chambers [980872]
The Chambers Firm, LLC
8403 Colesville Road Suite 1100
Silver Spring, MD 20910
(240) 638-2831
darrell@chambersfirmDCMD.com


/s/ Douglas S. Rosenbloom
Douglas S. Rosenbloom [1016235]
The Law Office of Doug Rosenbloom, LLC
7304 Carroll Avenue, #198
Takoma Park, MD 20912
(202) 684-8510
doug@chambersrosenbloom.com

Counsel for Plaintiff

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Josett Valdez

vs

Van Metre Management Co. et al.

Case Number: 2018 CA 004384 B

Date: 6 - 19 - 18

☑ One of the defendants is being sued in their official capacity.

Name: *(Please Print)* Darrell Chambers

Firm Name: The Chambers Firm, LLC

Telephone No.: 240-638-2831   Six digit Unified Bar No.: 980372

Relationship to Lawsuit

☑ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury

Demand: $ _____   Other: Unspecified

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

NATURE OF SUIT:   *(Check One Box Only)*

## A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
　　Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
　　Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
　　Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
　　Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
　　Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☒ 16 Negligence- (Not Automobile, Not Malpractice)

☒ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D.  REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_Attorney's Signature_

6-19-18

_Date_

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Van Metre Management Company
_____
Defendant

Case Number  2018 CA 004384 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  06/20/2018

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ስለሚፈልጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                          CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.                                              Case Number  2018 CA 004384 B

Van Metre Oaklawn Terrace
Apartments, LLC
_____
Defendant

**SUMMONS**

To the above named Defendant:

　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
　　　Deputy Clerk

Date  06/20/2018

如需翻译,请打电话 (202) 879-4828　　　Veuillez appeler au (202) 879-4828 pour une traduction　　　Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오　　　የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

　　　If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Case Number  2018 CA 004384 B

Van Metre Pershing House
Apartments, LLC
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date  06/20/2018

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Richard Rabil
_____
Defendant

Case Number   **2018 CA 004384 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   **06/20/2018**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Michael Barrett
_____
Defendant

Case Number   **2018 CA 004384 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   **06/20/2018**

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                          CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Mary Hasty
_____
Defendant

Case Number **2018 CA 004384 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Coksuille Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date **06/20/2018**

如需翻译,请打电话 (202) 879-4828          Vouillez appeler au (202) 879-4828 pour une traduction          Dé có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs

Tiffany Lamkin
_____
Defendant

Case Number   **2018 CA 004384 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   **06/20/2018**

如果您需要翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Donnie Edwards
_____
Defendant

Case Number   **2018 CA 004384 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date   **06/20/2018**

如需翻译, 请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan 2011                                                    CASUM.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JOSETT VALDEZ
   Vs.                             C.A. No.     2018 CA 004384 B
VAN METRE MANAGEMENT COMPANY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge JOHN M CAMPBELL
Date:  June 20, 2018
Initial Conference: 9:30 am, Friday, September 21, 2018
Location: Courtroom 519
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers. with at least 10 years of significant experience in medical malpractice litigation D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference. (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

D.C. Superior Court
07/02/2018 17:14PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOSETT VALDEZ, ) | Civil Action No. 2018 CA 004384 B |
| ) | |
| Plaintiff, ) | Judge John Campbell |
| ) | |
| v. ) | Pretrial Conference: |
| ) | September 21, 2018, 9:30 a.m. |
| VAN METRE MGMT. COMPANIES, *et al.* ) | |
| ) | |
| Defendants ) | |

## NOTICE OF APPEARANCE OF COUNSEL FOR PLAINTIFF

Attorney Douglas Rosenbloom, who is co-counsel to Darrell Chambers, Esq. in the above-captioned matter, respectfully submits this Notice of Appearance on behalf of Plaintiff Josett Valdez.

Dated:  July 2, 2018                    Respectfully submitted,

                                       */s/ Douglas S. Rosenbloom*

                                       Douglas S. Rosenbloom [1016235]

                                       The Law Office of Doug Rosenbloom, LLC
                                       7304 Carroll Avenue, #198
                                       Takoma Park, MD 20912
                                       (202) 684-8510
                                       doug@chambersrosenbloom.com

                                       *Counsel for Plaintiff Josett Valdez*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2018, I filed the foregoing by CaseFileXpress, effectuating electronic service upon all counsel of record in the above-captioned matter.

                                       */s/ Douglas S. Rosenbloom*
                                       DOUGLAS S. ROSENBLOOM [1016235]

## AFFIDAVIT OF SERVICE

CIVIL ACTIONS BRANCH

JUL 1 1 2018

Superior Court
District of Columbia
Washington, D.C.
Superior Court

**District of Columbia**

Case Number: 2018 CA 004384 B

Plaintiff:
**JOSETT VALDEZ**

vs.

Defendant:
**VAN METRE MANAGEMENT COMPANY, ET AL.**

Received by ESQ Process Servers to be served on **VAN METRE MANAGEMENT COMPANY, 9900 MAIN STREET, SUITE 500, FAIRFAX, VA 22031**.

I, David E. Smith, being duly sworn, depose and say that on the **5th day of July, 2018 at 1:02 pm, I:**

served **VAN METRE MANAGEMENT COMPANY** by delivering a true copy of the **SUMMONS, INITIAL ORDER AND ADDENDUM, INFORMATION SHEET, COMPLAINT AND JURY TRIAL PRAYER** with the date and hour of service endorsed thereon by me, to: **C. BROOKS FERRETT as PARALEGAL** for **REGISTERED AGENT SOLUTIONS, INC.** at the address of: **1090 VERMONT AVENUE, NW, SUITE 910, WASHINGTON, DC 20005,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 180, Hair: Black, Glasses: N

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

David E. Smith
Process Server

Subscribed and Sworn to before me on the ___9th___
day of ___July___, ___2018___ by the affiant
who is personally known to me.

NOTARY PUBLIC

STEPHANI LYN JOHNSON
Notary Public, State of Maryland
County of Montgomery
My Commission Expires 1/06/2020

**ESQ Process Servers**
**1629 K Street, N.W.**
**Suite 300**
**Washington, DC 20006**
**202-503-2343**

Our Job Serial Number: LES-2018012618
Ref: VALDEZ V. VAN METRE MGMT CO., ET AL
Service Fee: $78.25

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Case Number **2018 CA 004384 B**

Van Metre Management Company
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Colesville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

By _____
Clerk of the Court

Deputy Clerk

Date **06/20/2018**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Ven al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc

FILED
CIVIL ACTIONS BRANCH

JUL 1 1 2018

Superior Court of the
District of Columbia
Washington, D.C.
Superior Court

## AFFIDAVIT OF SERVICE

**District of Columbia**

Case Number: 2018 CA 004384 B

Plaintiff:
**JOSETT VALDEZ**

vs.

Defendant:
**VAN METRE MANAGEMENT COMPANY, ET AL.**

Received by ESQ Process Servers to be served on **VAN METRE PERSHING HOUSE APARTMENTS, LLC,
SERVE: REGISTERED AGENT SOLUTIONS, INC., 1090 VERMONT AVENUE, NW, SUITE 910,
WASHINGTON, DC 20005.**

I, David E. Smith, being duly sworn, depose and say that on the **5th day of July, 2018 at 1:02 pm, I:**

served **VAN METRE PERSHING HOUSE APARTMENTS, LLC** by delivering a true copy of the
**SUMMONS, INITIAL ORDER AND ADDENDUM, INFORMATION SHEET, COMPLAINT AND JURY
TRIAL PRAYER** with the date and hour of service endorsed thereon by me, to: **C. BROOKS FERRETT**
as **PARALEGAL** for **REGISTERED AGENT SOLUTIONS, INC.** at the address of: **1090 VERMONT
AVENUE, NW, SUITE 910, WASHINGTON, DC 20005,** and informed said person of the contents therein,
in compliance with state statutes.

**Description of Person Served:** Age: 45, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 180, Hair:
Black, Glasses: N

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best
of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age
and not party to the case.

David E. Smith
Process Server

Subscribed and Sworn to before me on the 9th
day of July , 2018 by the affiant
who is personally known to me.

NOTARY PUBLIC

STEPHANI LYN JOHNSON
Notary Public, State of Maryland
County of Montgomery
My Commission Expires 1/06/2020

ESQ Process Servers
1629 K Street, N.W.
Suite 300
Washington, DC 20006
202-503-2343

Our Job Serial Number: LES-2018012620
Ref: VALDEZ V. VAN METRE MGMT CO., ET AL.
Service Fee: $78.25

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.                                                    Case Number  2018 CA 004384 B

Van Metre Pershing House
Apartments, LLC
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Coleville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  06/20/2018

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      ያስፈልጎት ከ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                        CASUM.doc



FILED
CIVIL ACTIONS BRANCH

JUL 1 1 2018

Superior Court of the
District of Columbia
Washington, D.C.
Superior Court

# AFFIDAVIT OF SERVICE

**District of Columbia**

Case Number: 2018 CA 004384 B

Plaintiff:
**JOSETT VALDEZ**

vs.

Defendant:
**VAN METRE MANAGEMENT COMPANY, ET AL.**

Received by ESQ Process Servers to be served on **VAN METRE OAKLAWN TERRACE APARTMENTS, LLC, 3620 16TH STREET, NW, OAKLAWN BUILDING, WASHINGTON, DC 20010.**

I, David E. Smith, being duly sworn, depose and say that on the **5th day of July, 2018 at 1:02 pm, I:**

served **VAN METRE OAKLAWN TERRACE APARTMENTS, LLC** by delivering a true copy of the **SUMMONS, INITIAL ORDER AND ADDENDUM, INFORMATION SHEET, COMPLAINT AND JURY TRIAL PRAYER** with the date and hour of service endorsed thereon by me, to: **C. BROOKS FERRETT** as **PARALEGAL** for **REGISTERED AGENT SOLUTIONS, INC.** at the address of: **1090 VERMONT AVENUE, NW, SUITE 910, WASHINGTON, DC 20005,** and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 45, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 180, Hair: Black, Glasses: N

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

David E. Smith
Process Server

Subscribed and Sworn to before me on the 9th
day of July, 2018 by the affiant
who is personally known to me.

NOTARY PUBLIC

STEPHANI LYN JOHNSON
Notary Public, State of Maryland
County of Montgomery
My Commission Expires 1/06/2020

**ESQ Process Servers**
1629 K Street, N.W.
Suite 300
Washington, DC 20006
202-503-2343

Our Job Serial Number: LES-2018012619
Ref: VALDEZ V. VAN METRE MGMT CO., ET AL.
Service Fee: $78.25

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.                                                           Case Number   **2018 CA 004384 B**

Van Metre Oaklawn Terrace
Apartments, LLC
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Coksville Rd. Ste. 1100
_____
Address                                                       By _____
                                                                         Deputy Clerk
Silver Spring, MD 20910
_____

(240) 638-2831                                                Date   **06/20/2018**
_____
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Dé có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

*Clerk of the Court*

IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Ven al dorso la traducción al español



**FILED**

CIVIL ACTIONS BRANCH

JUL 11 2018

Superior Court of the
District of Columbia
Washington, D.C.
Superior Court

## AFFIDAVIT OF SERVICE

**District of Columbia**

Case Number: 2018 CA 004384 B

Plaintiff:
**JOSETT VALDEZ**

vs.

Defendant:
**VAN METRE MANAGEMENT COMPANY, ET AL.**

Received by ESQ Process Servers to be served on **VAN METRE OAKLAWN TERRACE APARTMENTS, LLC, 3620 16TH STREET, NW, OAKLAWN BUILDING, WASHINGTON, DC 20010.**

I, David E. Smith, being duly sworn, depose and say that on the **5th day of July, 2018 at 1:02 pm, I:**

served **VAN METRE OAKLAWN TERRACE APARTMENTS, LLC** by delivering a true copy of the **SUMMONS, INITIAL ORDER AND ADDENDUM, INFORMATION SHEET, COMPLAINT AND JURY TRIAL PRAYER** with the date and hour of service endorsed thereon by me, to: **C. BROOKS FERRETT** as **PARALEGAL** for **REGISTERED AGENT SOLUTIONS, INC.** at the address of: **1090 VERMONT AVENUE, NW, SUITE 910, WASHINGTON, DC 20005**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 180, Hair: Black, Glasses: N

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

David E. Smith
Process Server

**ESQ Process Servers**
1629 K Street, N.W.
Suite 300
Washington, DC 20006
202-503-2343

Subscribed and Sworn to before me on the 9th day of July, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

STEPHANI LYN JOHNSON
Notary Public, State of Maryland
County of Montgomery
My Commission Expires 1/06/2020

Our Job Serial Number: LES-2018012619
Ref: VALDEZ V. VAN METRE MGMT CO., ET AL.
Service Fee: $78.25

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Josett Valdez
_____
Plaintiff

vs.

Van Metre Oaklawn Terrace
Apartments, LLC
_____
Defendant

Case Number   **2018 CA 004384 B**

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Darrell Chambers
_____
Name of Plaintiff's Attorney

8403 Coksville Rd. Ste. 1100
_____
Address

Silver Spring, MD 20910

(240) 638-2831
_____
Telephone

By _____
Deputy Clerk

Date   **06/20/2018**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Dể có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Ven al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                      CASUM.doc

D.C. Superior Court
07/20/2018 13:31PM
Clerk of the Court

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

JOSETT VALDEZ,

        Plaintiff,

        v.

VAN METRE MANAGEMENT COMPANY
et al.

        Defendants.

Case No. 2018 CA 004384B

Hon. John C. Campbell
Next Court Event: Initial
Conference, September 21, 2018,
9:30 AM

## CONSENT MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT

Pursuant to District of Columbia Superior Court Rules of Civil Procedure 6 and 12-I, Defendants Van Metre Management Company, Van Metre Oaklawn Terrace Apartments, LLC, and Van Metre Pershing House Apartments, LLC ("Defendants") by counsel, and with the consent of counsel for Plaintiff Josett Valdez ("Plaintiff") (collectively, the "Parties"), respectfully request that this Court grant Defendants until August 8, 2018 to respond to Plaintiff's Complaint.

The grounds for this Motion are set forth in the accompanying Memorandum of Points and Authorities.

Dated:  July 20, 2018

/s/ Elizabeth A. Lalik
Elizabeth A. Lalik (D.C. Bar No. 447052)
elalik@littler.com
LITTLER MENDELSON, P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA  22102
703.286.3131 Telephone
703.842.8517 Facsimile

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2018, a copy of the foregoing was filed with

the D.C. Superior Court's electronic filing system (CaseFileXpress), providing notice to:

> Darrell Chambers, #980872
> The Chambers Firm, LLC
> 8403 Colesville Road, Suite 1100
> Silver Spring, MD 20910
> Phone: (240) 638-2831
> Darrell@chambersfirmDCMD.com
>
> Douglas S. Rosenbloom, #1016235
> The Law Office of Doug Rosenbloom, LLC
> 7304 Carroll Avenue, #198
> Takoma Park, MD 20912
> Phone: (202) 684-8510
> Doug@chambersrosenbloom.com
>
> *Attorneys for Plaintiff*

> /s/ *Elizabeth A. Lalik*
> Elizabeth A. Lalik

## IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

JOSETT VALDEZ,

      Plaintiff,

      v.

VAN METRE MANAGEMENT COMPANY
et al.

      Defendants.

Case No. 2018 CA 004384B

Hon. John C. Campbell
Next Court Event: Initial
Conference, September 21, 2018,
9:30 AM

## PROPOSED ORDER

Upon consideration of the Consent Motion to Extend Time to Respond to Complaint, and

for good cause shown, it is hereby

ORDERED that the Consent Motion is GRANTED, and the Defendants' deadline to

respond to Plaintiff's Complaint is extended until August 8, 2018.

Date: _____

                              _____
                              Hon. John C. Campbell
                              Superior Court of the District of Columbia

**COPIES TO:**
Elizabeth A. Lalik
LITTLER MENDELSON, P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA  22102

*Attorney for Defendants*

and

Darrell Chambers
The Chambers Firm, LLC
8403 Colesville Road, Suite 1100
Silver Spring, MD 20910

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

JOSETT VALDEZ,

    Plaintiff,

    v.

VAN METRE MANAGEMENT COMPANY
et al.

    Defendants.

Case No. 2018 CA 004384B

Hon. John C. Campbell
Next Court Event: Initial
Conference, September 21, 2018,
9:30 AM

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSENT MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT

Pursuant to Rules 6 and 12-1 of the Superior Court Rules of Civil Procedure, Defendants Van Metre Management Company, Van Metre Oaklawn Terrace Apartments, LLC, and Van Metre Pershing House Apartments, LLC (collectively "Defendants") by counsel, and with the consent of counsel for Plaintiff Josett Valdez ("Plaintiff") (collectively, the "Parties"), hereby submit the Consent Motion to Extend Time for the Defendants to Respond to the Complaint, and in support states as follows:

1. Plaintiff filed her complaint on June 20, 2018.

2. Defendants' answers are currently due on July 25, 2018.

3. In order to allow sufficient time for investigation of Plaintiff's allegations and to formulate an appropriate response, Defendants require additional time. Accordingly, Defendants request a brief extension of time, until August 8, 2018, to respond to the Complaint.

5. Counsel for Plaintiff consents to this Motion.

6. This extension will not prejudice any of the parties.

For the reasons stated above, and for good cause shown, Defendants respectfully request that the Court grant the Motion, and extend the deadline to respond to the Complaint to August 8, 2018, as reflected in the attached Proposed Order.

Dated:  July 20, 2018

/s/ *Elizabeth A. Lalik*
Elizabeth A. Lalik (D.C. Bar No. 447052)
elalik@littler.com
LITTLER MENDELSON, P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA  22102
703.286.3131 Telephone
703.842.8517 Facsimile

*Attorney for Defendants*

**IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSETT VALDEZ, | Case No. 2018 CA 004384B |
| Plaintiff, | |
| v. | Hon. John C. Campbell |
| | Next Court Event: Initial |
| VAN METRE MANAGEMENT COMPANY | Conference, September 21, 2018, |
| et al. | 9:30 AM |
| Defendants. | |

## ORDER

Upon consideration of the Consent Motion to Extend Time to Respond to Complaint, and

for good cause shown, it is hereby

ORDERED that the Consent Motion is GRANTED, and the Defendants' deadline to

respond to Plaintiff's Complaint is extended until August 8, 2018.

Date: 7/31/18

Hon. John C. Campbell
Superior Court of the District of Columbia

**COPIES TO:**
Elizabeth A. Lalik
LITTLER MENDELSON, P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA  22102

*Attorney for Defendants*

and

Darrell Chambers
The Chambers Firm, LLC
8403 Colesville Road, Suite 1100
Silver Spring, MD 20910